ANNA L. DICKINSON, Claimant-Appellee,
v.
TINGUELY DEVELOPMENT and HAWAI`I EMPLOYERS' MUTUAL INSURANCE COMPANY, INC., Employer/Insurance Carrier-Appellant and
THE QUEEN'S MEDICAL CENTER, INC., Appellee.
No. 29235.
Intermediate Court of Appeals of Hawaii.
April 23, 2009.
On the briefs:
Brian G.S. Choy, Keith M. Yonamine, (Choy & Tashima), for Employer/Insurance Carrier-Appellant.
John R. Lacy, Bruce L. Lamon, (Goodsill Anderson Queen & Stifel), for Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY, and NAKAMURA, JJ.
This is a secondary appeal in a case arising under the Hawai`i Workers' Compensation Law, Hawaii Revised Statutes (HRS) Chapter 386. Employer-Appellant Tinguely Development and Insurance Carrier-Appellant Hawai`i Employers' Mutual Insurance Company, Inc. (collectively, "the Employer") appeal from the "Order Dismissing Appeal" filed by the Labor and Industrial Relations Appeals Board (LIRAB) on June 3, 2008. The LIRAB dismissed the Employer's appeal of the decision of the Director of the Department of Labor and Industrial Relations (Director) in favor of Appellee The Queen's Medical Center, Inc. (Queen's) in a billing dispute over the cost of medical services. The LIRAB cited Hawaii Administrative Rules (HAR) § 12-15-94(d), which provides that the decision of the Director in a medical services billing dispute "is final and not appealable," in ruling that the LIRAB lacked jurisdiction to review the Director's decision.
On appeal, the Employer argues that 1) the LIRAB erred in dismissing the Employer's appeal; and 2) the Director erred in his decision on the medical services billing dispute.
This court's recent decision in Jou v. Hamada, 120 Hawai`i 101, 201 P.3d 614 (App. 2009), is controlling. In Jou, we held that the provision in HAR § 12-15-94(d) that prohibited the appeal of the Director's decision in a billing dispute between an employer and a medical services provider was invalid as "inconsistent with the statutory right granted to parties to appeal the Director's decisions under HRS §§ 386-73 [(Supp. 2007)] and 386-87 [(1993)]." Id. at 104, 201 P.3d 617. We further held that the parties to the Director's decision in a medical services billing dispute have the right to appeal the Director's decision to the LIRAB pursuant to HRS §§ 386-73 and 386-87. Id. at 111-13, 201 P.3d at 624-26.
Based on Jou, we conclude that the LIRAB erred in dismissing the Employer's appeal for lack of jurisdiction. The Employer is entitled to appeal the Director's decision to the LIRAB and to have the LIRAB decide the appeal. We do not reach the Employer's claim that the Director erred in his decision on the medical services billing dispute between the Employer and Queen's, and we express no opinion on the merits of that claim. Our function is to review the decisions of the LIRAB. HRS § 386-88 (Supp. 2008). It is the LIRAB's function to review the decisions of the Director. HRS § 386-87.
We vacate the "Order Dismissing Appeal" filed by the LIRAB on June 3, 2008, and we remand the case for further proceedings consistent with this Summary Disposition Order.